**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DHP HOLDINGS II CORPORATION, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13422<br><br>Jointly Administered |
| JOHN MANNING and KEN MAITLAND on their own behalf and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DHP HOLDINGS II CORPORATION a/k/a DESA (CAYMAN) HOLDING, LLC,<br>DESA (CAYMAN) II HOLDING, LLC,<br>DESA, LLC,<br>DESA HEATING, LLC,<br>DESA SPECIALTY, LLC,<br>DESA FMI, LLC,<br>DESA IP, LLC,<br>DESA LLC, and<br>HIG CAPITAL, LLC,<br><br>Defendants. | Adversary Proceeding No. |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT**

Plaintiffs, by and through their undersigned counsel, on behalf of themselves and all other similarly situated persons against Defendants allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157, 1331, 1334 and 1367.

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O).

## NATURE OF THE ACTION

3. This is a class action for the recovery by Plaintiffs and other similarly situated employees of the Defendants of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act"). The Plaintiffs and the other class members were employees of DESA, LLC and were terminated on or about December 21, 2008, as part of, or as a result of, a mass layoffs or plant closings which was ordered by the Defendants DESA Holdings II Corporation a/k/a DESA (Cayman) Holding, LLC, DESA (Cayman) II Holding, LLC, DESA Specialty, LLC, DESA FMI, LLC, DESA IP, LLC, DESA, LLC ( hereinafter the "Debtors" or the "DESA Defendants") and HIG Capital, LLC, ("HIG Capital") (collectively "Defendants"). Although the Plaintiffs and the other class members were on the payroll of DESA Heating, LLC the Defendants were a "single employer" under the WARN Act. As such, each of the Defendants is liable under the WARN Act for Defendants' failure to give the Plaintiffs and the other class members at least 60 days' advance notice of termination, as required by the WARN Act. As a consequence, the Plaintiffs and the other Class Members are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days.

## PARTIES

4. On December 29, 2008, Debtors filed with this Court a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.

5. Plaintiff Ken Maitland worked at or reported to the Bowling Green, KY facility until his termination on or about December 21, 2008.

6. Plaintiff John Manning worked at reported to the Bowling Green, KY facility until his termination on or about December 21, 2008.

7. At all relevant times, the DESA Defendants and HIG Capital as a single employer maintained and operated facilities in various states including a facility in Bowling Green, Kentucky (the "Facilities").

8. Until their termination by Defendants, the Plaintiffs and other similarly situated persons were employees of Defendants who worked at or reported to the facilities and who were terminated as part of or as a reasonably foreseeable result of, the mass layoffs or plant closings ordered and carried out by the Defendants on or about December 21, 2008 and thereafter.

9. On information and belief, at all relevant times, Defendant HIG Capital was a corporation with its principal place of business located at 1001 Brickell Bay Drive Miami, Florida 33131.

10. The Plaintiffs bring this action on their own behalves and, pursuant to the Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and the WARN Act, 29 U.S.C. § 2104(a)(5), on behalf of all other employees of the Defendants who also worked at the Facilities, and who were terminated as part of or as the foreseeable result of the mass layoffs or plant closings at the Facilities ordered by Defendants on or about December 21, 2008 (collectively, "The Class").

11. On information and belief, Defendants jointly controlled the decision to terminate the employees at the Facilities on December 21, 2008 and thereafter.

12. On information and belief, Defendants each made the decisions that led to the violation of the rights of Plaintiffs and the other Class members under the WARN Act.

13. On information and belief, each of the Defendants exercised direct and indirect control over the termination of the employment of Plaintiffs and the other Class members without the notice required by the WARN Act for which each of the Defendants are liable under the single employer provision of the WARN Act.

14. On information and belief, the DHP Defendants constituted a "single employer" of the Plaintiffs and Class members under the WARN Act in that among other things:

(a) The Defendants shared common ownership;

(b) The Defendants shared common officers and directors;

(c) Each of the Defendants exercised de facto control over the labor practices governing the Plaintiffs and Class members including the decision to order the mass layoffs and/or plant closings at the Facility;

(d) There was a unity of personnel policies emanating from a common source between Defendants; and

(e) There was a dependency of operations between Defendants.

15. Upon information and belief HIG Capital constituted a "single employer" of the Plaintiffs and Class members under the WARN Act in that among other things:

(a) It shared common officers and directors with the DHP Defendants.

(b) Exercised de facto control over the labor practices governing the Plaintiffs and Class members including decisions to order the mass layoffs and/or plant closings at the Facility;

## CLASS ACTION ALLEGATIONS 29 U.S.C. § 2104

16. The Plaintiffs and each person they seek to represent herein, were discharged as part of, or as the reasonably foreseeable result of a mass layoffs or plant closings order by the Defendants at the Facility, on or about December 21, 2008 or thereafter without cause on his or her part and are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

17. The Plaintiffs bring this action on their own behalf and, pursuant to the WARN Act, and Rules 7023(a) and (b)(3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendants who were terminated on or about December 21, 2008 and thereafter who worked at the Facilities until their termination without cause.

18. On or about December 21, 2008, Defendants terminated the Plaintiffs' employment as part of a mass layoffs and/or a plant closings which qualifies as an event for which they were entitled to receive to sixty (60) days' advance written notice under the WARN Act.

19. Defendants, as a single employer, never gave Plaintiffs the statutorily required sixty (60) days notice of the mass layoffs or termination in violation of the WARN Act.

20. At or about the time that the Plaintiffs were discharged, Defendants discharged approximately 500 other employees at the Facilities (the "Other Similarly Situated Former Employees").

21. Pursuant to WARN Act 29 U.S.C. § 2104(a)(5), the Plaintiffs maintain this claim on behalf of each of the Other Similarly Situated Former Employees and for his or her benefit.

22. Each of the Other Similarly Situated Former Employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

23. The Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendants, without cause on his or her part.

24. Each of the Plaintiffs and the Other Similarly Situated Former Employees is an "affected employee" within the meaning of WARN Act 29 U.S.C. § 2101(a)(5).

25. Defendants were required by the WARN Act to give each of the Plaintiffs and the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

26. Prior to their termination, neither the Plaintiffs nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

27. Defendants failed to pay the Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective terminations.

**CLASS ACTION ALLEGATIONS RULE 7023 (a) AND (b)**

28. The Plaintiffs assert this claim on behalf of themselves and the Other Similarly Situated Former Employees pursuant to Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy and Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

29. The Plaintiffs and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 7023 (a) and (b) (3) of the Federal Rules of Bankruptcy and Rules

23(a) and (b)(3) of the Federal Rules of Civil Procedure (The "Class").

30. Common questions of law and fact are applicable to all members of the Class.

31. The common questions of law and fact arise from and concern the following facts and actions, among others, that Defendants committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; all Class members were employees of Defendants who, prior to the terminations, worked at the Facility; Defendants, as a single employer, terminated the employment of all the members of the Class without cause on their part without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendants failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

32. The questions of law and fact common to the members of the Class, as above noted, predominate over any questions affecting only individual members, and thus, this Class claim is superior to other available methods for the fair and efficient adjudication of this controversy.

33. The Plaintiffs' claims are typical of the claims of other members of the Class in that for each of the several acts described above the Plaintiffs is or was an injured party.

34. The Plaintiffs will fairly and adequately protect and represent the interests of the Class.

35. The Plaintiffs have the time and resources to prosecute this action and have retained counsel who have had extensive experience in matters involving employee rights, the WARN Act, class action litigation and bankruptcy court litigation.

36. The Class is so numerous as to render joinder of all members impracticable as

there are approximately 500 persons who are included in the Class.

37. The Class meets the requirements of Fed. R. Civ. P. 23(a) for class certification.

38. The Class meets the requirements of Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

40. No litigation concerning the WARN Act rights of any Class member has been commenced.

41. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.

42. On information and belief, the identity of the Class members is contained in the books and records of Defendants.

43. On information and belief, a recent residence address of each of the Class members is contained in the books and records of Defendants.

44. On information and belief, the rate of pay and benefits that was being paid by Defendants to each Class member at the time of his/her termination are contained in the books and records of Defendants.

45. As a result of Defendants' violation of the WARN Act, the Plaintiffs and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, 401(k) contributions for sixty (60) calendar days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) calendar days after the dates of their respective terminations; and (c) medical expenses incurred during such period by such persons that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

**THE CLAIM FOR RELIEF**

46. At all relevant times, the Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

47. At all relevant times, each Defendant was an "employer", as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it determined to order a mass layoffs and/or plant closings at the Facility.

48. The Defendants constituted a "single employer" of the Plaintiffs and Class members under the WARN Act.

49. On or about December 21, 2008 and thereafter, the Defendants ordered a "mass layoffs" and/or plant closings at the Facility, as that term is defined by 29 U.S.C. § 2101(a)(2).

50. The mass layoffs and/or plant closings at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty (50) of

Defendants' employees as well as 33% of Defendants' workforce at the Facility, excluding "part-time employees," as that term is defined by The Warn Act.

51. The Plaintiffs and each of the other members of the Class were discharged by the Defendants without cause on his or her part as part of or as the reasonably foreseeable result of the mass layoffs and/or plant closings ordered by the Defendants at the Facility.

52. Each of the Plaintiffs and each of the other members of the Class is an "affected employee" of the Defendants within the meaning of 29 U.S.C. §2101(a)(5).

53. The Defendants were required by the WARN Act to give the Plaintiffs and each of the other members of the Class at least 60 days advance written notice of his or her termination.

54. The Defendants failed to give the Plaintiffs and other members of the Class written notice that complied with the requirements of the WARN Act.

55. Each of the Plaintiffs and each of the other members of the Class is an "aggrieved employee" of the Defendants as that term is defined in 29 U.S.C. §2104 (a)(7).

56. The Defendants failed to pay the Plaintiffs and each of the other members of the Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA, other than health insurance, for 60 days from and after the dates of their respective terminations.

57. Since the Plaintiffs and each of the other members of the Class seek back-pay attributable to a period of time after the filing of the Debtor's bankruptcy petition and which arose as

the result of the Debtor's violation of a federal law, the Plaintiffs' claims against the Debtors are entitled to Administrative Priority status pursuant to 11 U.S.C. §503(b)(1)(A).

58. The relief sought in this proceeding is equitable in nature.

**WHEREFORE**, Plaintiffs on their own behalves and on behalf of the other Class members demand judgment, jointly and severally, against Defendants as follows:

A. An allowed claim against the DESA Defendants, and judgment against HIG Capital, in favor of each of the Plaintiffs and Class members equal to the sum of: (a) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A). The first $10,950.00 of each Class member's allowed WARN Act claim against the DESA Defendants is entitled to priority status, under 11 U.S.C. § 507(a)(4), and the remainder as a general unsecured claim;

B. Certification that the Plaintiffs and the other Class members constitute a single class;

C. Appointment of the undersigned attorneys as Class Counsel;

D. Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation to them for their services as such;

E. An allowed administrative priority claim under 11 U.S.C. § 503 for the reasonable attorneys' fees and the costs and disbursements that the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6); and

F. Such other and further relief as this Court may deem just and proper.

Dated: January 13, 2009
Wilmington, Delaware

Respectfully submitted,
MARGOLIS EDELSTEIN

/s/James E. Huggett

James E. Huggett (#3956)
Sally E. Sobczyk (#4762)
750 Shipyard Drive, Suite 102
Wilmington, DE 19801
Telephone: (302) 888-1112
Facsimile: (302) 888-1119
jhuggett@margolisedelstein.com

-and-

LANKENAU & MILLER, LLP
Stuart J. Miller (SJM 4276)
132 Nassau Street, Suite 423
New York, New York 10038
Telephone: (212) 581-5005
Facsimile: (212) 581-2122

-and-

THE GARDNER FIRM, P.C.
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
J. Cecil Gardner (GARDJ3461)
1119 Government Street
Post Office Drawer 3103
Mobile, AL 36652
Telephone: (251) 433-8100
Facsimile: (251) 433-8181

Cooperating Attorneys for the NLG Maurice and Jane Sugar Law Center for Economic and Social Justice