IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DHP HOLDINGS II CORPORATION, et al.,[1] | ) | Case No. 08-13422 (MFW) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

Hearing Date: May 17, 2010 at 11:30 a.m. Prevailing Eastern Time
Objection Deadline: May 10, 2010 at 4:00 p.m. Prevailing Eastern Time

## DEBTORS' FOURTH MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 1121(D) FURTHER EXTENDING THE TIME PERIODS DURING WHICH THE DEBTORS HAVE THE EXCLUSIVE RIGHT TO FILE A PLAN AND SOLICIT ACCEPTANCES THEREOF

The above-captioned debtors and debtors in possession (the "Debtors"), hereby move this Court (the "Motion") for the entry of an order, pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), (a) to June 29, 2010 the period under section 1121(b) of the Bankruptcy Code during which the Debtors have the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period") and (b) extending to August 29, 2010 the period under section 1121(c)(3) of the Bankruptcy Code during which the Debtors have the exclusive right to solicit acceptances of a chapter 11 plan (the "Exclusive Solicitation Period," together with the Exclusive Filing Period, the "Exclusive Periods"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are DHP Holdings II Corporation (5945);DESA LLC (5717); DESA Heating LLC (8137); DESA Specialty LLC (8143); DESA FMI LLC (8146); and DESA IP LLC (8149). The address for each of the Debtors is 2701 Industrial Drive, Bowling Green, KY 42101.

## Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) (A) and (L). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Section 1121(d) of the Bankruptcy Code provides the basis for the relief requested herein.

## Background

3. On December 29, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property and are operating and managing their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner in this case. On January 9, 2009, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee").

4. The factual background relating to the Debtors' commencement of these chapter 11 cases is set forth in detail in the *Declaration of Craig S. Dean, Chief Restructuring Officer of the Debtors, in Support of First Day Motions* (the "Dean Declaration") that was filed on the Petition Date.

5. The Debtors' current Exclusive Filing Period expires on April 20, 2010. See Docket No. 800.

## Relief Requested

6. By this Motion, the Debtors seek to further extend the Exclusive Filing Period from April 20, 2010, through and including June 29, 2010, and to further extend the Exclusive Solicitation Period from June 23, 2010 through and including August 29, 2010. This is the Debtors' fourth request for an extension of the Exclusive Periods provided in Section 1121(d) of the Bankruptcy Code.

## Basis for Relief

7. Section 1121(d) of the Bankruptcy Code grants this Court authority to extend the Exclusive Periods "for cause" after notice and a hearing. 11 U.S.C. § 1121(d). Although the term "cause" is not defined by the Bankruptcy Code, the legislative history indicates that it is to be viewed flexibly "in order to allow the debtors to reach an agreement." H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 833 (Bankr. S.D. N.Y. 1987) (quoting H.R. Rep. No. 595, 95th Cong., 2d Sess. 231 (1978), *reprinted in* 1978, U.S.C.C.A.N. 5963, 6190); *In re Public Serv. Co. of N. H.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent . . . [is] to promote maximum flexibility"). In order to permit this flexibility, the decision to extend a debtor's Exclusive Periods is committed to the sound discretion of the bankruptcy court, based upon the facts and circumstances of each particular case. *See, e.g., First Am. Bank of N. Y. v. SW Gloves and Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986).

8. Courts have relied on a variety of factors in determining whether cause exists for an extension of the Exclusive Periods, including: (1) the size and complexity of the

case, (2) the necessity of sufficient time to negotiate and prepare adequate information, (3) the existence of good faith progress toward reorganization, (4) whether the debtors are paying their debts as they come due, (5) whether the debtors have demonstrated reasonable prospects for filing a viable plan, (6) whether the debtors have made progress in negotiating with creditors, (7) the length of time the case has been pending, (8) whether the debtors are seeking the extension to pressure creditors, and (9) whether unresolved contingencies exist. *See, e.g., In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex 1996); *In re Grand Traverse Dev. Co. Ltd. P'ship*, 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992); *In re Texaco, Inc.*, 76 B.R. at 327. These are, however, only factors. None is dispositive (some may not even be relevant) and the Court is not restricted to counting factors. *See Dow Corning*, 208 B.R. at 669; *In the Matter of Federated Dep't Stores and Allied Stores Corp.*, 1990 Bankr. Lexis 711, *6 (Bankr. S.D. Ohio 1990). Rather, these factors are merely designed to guide the Court's overall assessment, which is supposed focus on whether the extensions will help facilitate the development of an acceptable plan. *See, e.g., In re McLean Indus., Inc.*, 87 B.R. at 833-34; *In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D. N.Y. 1987). Here, the Debtors submit that both the overall assessment, and the factors used to make it, tip in favor of granting the requested extensions.

9. The Debtors' cases are large and complex. During the pendency of these cases, the Debtors have, among other things, made, and are continuing to make, substantial progress in disposing of substantially all of their assets. In particular, since the Debtor's made

their last request for an extension of the Exclusive Periods, the Debtors, among other things, have:

- obtained court approval to settle claims with Lowe's Companies and Cincinnati Ins. Co. resulting in the estates receiving a $1.3 million payment from Lowe's [Docket No. 847];

- settled and obtained court approval for the resolution of claims against Desico S.A. de CV that permitted the liquidation of the Debtors' Mexican assets [Docket No. 832];

- obtained court approval for the retention of Synergetic Solutions to take actions necessary to audit and recover workers' compensation insurance premium overpayments [Docket No. 799];

- settled and sought court approval of the settlements of several adversary proceedings which, on approval, will result in the estates' receiving in excess of $100,000 from these actions [Docket Nos. 882, 883, and 884];

- entered into negotiations with the Creditors Committee with respect to a possible plan.

10. In light of the foregoing activities, and the Debtors' ongoing efforts to continue to liquidate the remaining assets in their estates for the benefit of creditors, the Debtors submit that cause exists for the extensions requested herein, and further submit that granting such extensions will not harm or prejudice the Debtors' creditors or other parties in interest. Rather, in the Debtors' opinion, the extensions will provide them with the additional time needed to complete the liquidation of their remaining assets, and, thereafter, potentially formulate a plan, which will further the intent of section 1121 of the Bankruptcy Code, which is to afford debtors a meaningful and reasonable opportunity to propose and confirm a consensual plan.

11. Put differently, the Debtors are not seeking these extensions for the unsavory motives, like delaying the administration of the cases or pressuring creditors to accept unsatisfactory plans, that have led other courts to refuse to grant extensions. *See, e.g., In re*

*Gagel & Gagel*, 24 B.R. 674, 675 (Bankr. S.D. Ohio 1982) (denying extension of exclusivity period because extension would be fruitless); *Dow Corning*, 208 B.R. at 670 (stating that an extension of the exclusive period should be denied if debtors appeared to be attempting to delay the administration of the bankruptcy case). To the contrary, the request is intended to facilitate an orderly, efficient, and cost-effective plan process for the benefit of all creditors. In situations like this, the Debtors submit that this Court has granted similar extensions of exclusivity on numerous occasions. *See In re Am. Home Mortgage Holdings*, Case No. 07-11047 (CSS) (Bankr. D. Del. August 6, 2007) (granting motion to extend exclusivity periods); *In re New Century TRS Holdings, Inc. et al.*, Case No. 07-10416 (KJC) (Bankr. D. Del. April 2, 2007) (same); *In re Mortgage Lenders Network USA, Inc.*, Case No. 07-10146 (PJW) (Bankr. D. Del. February 5, 2007) (same); *In re Global Home Prods. LLC*, Case No. 06-10340 (KG) (Bankr. D. Del. Sept. 5, 2006) (same).

12. For these reasons, the Debtors submit that the extension of the Exclusive Periods requested herein is reasonable, appropriate under the circumstances, and is in the best interest of the Debtors' estates and creditors.

## Notice

13. Notice of this Motion either has been or will be given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Debtors' prepetition and postpetition secured lenders; (iii) the Committee; and (iv) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy

Procedure. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

14. Except as set forth above with respect to the Debtors' prior motions to extend the Exclusive Periods, no prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the Motion and extending the Exclusive Periods as set forth herein, and authorizing such other and further relief as the Court deems just and proper under the circumstances of these cases.

Dated: April 20, 2010

PACHULSKI STANG ZIEHL & JONES LLP

/s/ *signature*

Laura Davis Jones (Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Bruce Grohsgal (Bar No. 3583)
Curtis A. Hehn (Bar No. 4264)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
       dbertenthal@pszjlaw.com
       bgrohsgal@pszjlaw.com
       chehn@pszjlaw.com

Counsel for the Debtors and
Debtors in Possession