## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------x
```

| | | |
|---|---|---|
| In re: | : | Case No. 08-13422 (MFW) |
| | : | |
| DHP HOLDINGS II CORPORATION, *et al.*, | : | Chapter 11 |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Objection Deadline: 8/2/2010 at 4:00 pm** |
| | : | **Hearing Date: If objections filed** |
| | : | |

```
-------------------------------------------------x
```

### FIFTH QUARTERLY AND FINAL APPLICATION
### OF ARENT FOX LLP, AS CO-COUNSEL TO OFFICIAL
### COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION
### FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR
### THE PERIOD FROM JANUARY 9, 2009 THROUGH AND INCLUDING JUNE 30, 2010

| | |
|---|---|
| Name of Applicant: | Arent Fox LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | <u>February 19, 2009, *nunc pro tunc* to January 9, 2009</u> |
| Quarterly period for which compensation and reimbursement is sought: | January 1, 2010 through June 30, 2010 |
| Quarterly amount of compensation sought as actual, reasonable and necessary: | $ 72,212.50 |
| Quarterly amount of expense reimbursement sought as actual, reasonable and necessary: | $ 626.12 |
| Final period for which compensation and reimbursement is sought: | January 9, 2009 through June 30, 2010 |
| Final amount of compensation sought as actual, reasonable and necessary: | $595,305.00 |
| Final amount of expense reimbursement sought as actual, reasonable and necessary: | $ 11,696.03 |

This is an:  __X__ interim          __X__ final application

## QUARTERLY FEE APPLICATIONS
## FOR THE PERIOD OF JANUARY 9, 2009 – JUNE 30, 2010

| Fee Application | Period | Interim Fees Requested | Interim Fees Approved | Interim Expenses Requested | Interim Expenses Approved |
|---|---|---|---|---|---|
| First | 01/09/09 – 03/31/09 | $259,359.50[1] | $259,359.50 | $5,539.67 | $5,539.67 |
| Second | 04/01/09 – 06/30/09 | $128,543.00 | $128,543.00 | $1,880.86[2] | $1,880.86 |
| Third | 07/01/09 – 09/30/09 | $52,583.50 | $52,583.50 | $1,072.95 | $1,072.95 |
| Fourth | 10/01/09 – 12/31/09 | $82,606.50 | TBD | $2,576.43 | TBD |
| Fifth | 01/01/10 – 06/30/10 | $72,212.50 | TBD | $626.12 | TBD |
| **TOTALS** | | **$595,305.00** | **TBD** | **$11,696.03** | **TBD** |

---

[1] This amount has been adjusted to reflect a voluntary write-off of $3,956.00 in fees, pursuant to discussions with the United States Trustee, Richard Shepacarter.

[2] This amount has been adjusted to reflect a voluntary write-off of $65.40 in expenses, pursuant to discussions with the United States Trustee, Richard Shepacarter.

## COMPENSATION BY PROFESSIONAL PERSON

## FOR THE PERIOD OF JANUARY 1, 2010 – JUNE 30, 2010

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate (including changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Robert Hirsh | Partner since 2005. Member of NY and NJ bars since 1998. | $650 | 30.40 | $19,760.00 |
| Heike M. Vogel | Joined firm as an associate in 2005. Member of NJ bar since 2000. Member of NY bar since 2001. | $520 | 34.40 | $17,888.00 |
| Katie A. Lane | Joined firm as an associate in 2008. Member of FL bar since 2002. Member of DC bar since 2007. | $485 | 60.80 | $29,488.00 |
| David J. Kozlowski | Joined firm as an associate in 2008. Member of NY bar since 2007. | $425 | 1.90 | $807.50 |
| Lisa Indelicato | Paralegal | $270 | 0.50 | $135.00 |
| Nova A. Constantino | Paralegal | $265 | 15.60 | $4,134.00 |
| **TOTAL** | | | **143.60** | **$72,212.50** |

# COMPENSATION BY PROJECT CATEGORY

## FOR THE PERIOD OF JANUARY 1, 2010 – JUNE 30, 2010

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Petition, Schedules, First Day Orders (01) | 0.00 | $0.00 |
| Case Management and Operating Expenses (02) | 7.50 | $3,864.50 |
| Corporate and Business Matters (03) | 0.00 | $0.00 |
| Sale and Disposition of Assets (04) | 0.40 | $208.00 |
| Asset Analysis and Recovery (05) | 0.00 | $0.00 |
| Claims Administration and Objections (06) | 1.20 | $524.00 |
| Miscellaneous Motions and Objections (07) | 39.60 | $19,684.50 |
| Committee and Debtor Communications (08) | 47.80 | $27,223.00 |
| Adversary Proceedings (09) | 0.00 | $0.00 |
| Professional Retention (10) | 0.00 | $0.00 |
| Plan and Disclosure Statement Matters (11) | 2.50 | $1,404.50 |
| Cash Collateral and DIP Financing (12) | 1.10 | $715.00 |
| Employee Benefits and Severance, Pensions (13) | 0.00 | $0.00 |
| Real Estate and Leasing and Executory Contracts (14) | 0.00 | $0.00 |
| Creditor Inquiries (15) | 0.20 | $97.00 |
| Automatic Stay and Section 362 and 363 Matters (16) | 0.00 | $0.00 |
| Investigation of Secured Creditor, Equipment Lessors (17) | 0.00 | $0.00 |
| Utilities and Regulatory Matters (18) | 0.00 | $0.00 |
| Chapter 5 Litigation, Collection and Investigation (19) | 2.80 | $1,473.50 |
| Contracts (20) | 0.00 | $0.00 |
| Tax (21) | 0.00 | $0.00 |
| Fee Applications (22) | 39.40 | $16,485.00 |
| Environmental Matters (23) | 0.00 | $0.00 |
| Creditor Information Sharing and 1102 Services (24) | 0.00 | $0.00 |
| Travel (25) | 1.10 | $533.50 |
| **TOTALS** | **143.60** | **$72,212.50** |

**EXPENSE SUMMARY**

**FOR THE PERIOD OF JANUARY 1, 2010 – JUNE 30, 2010**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Database Search | PACER | $16.12 |
| Duplicating | | $22.80 |
| Filing Fees | | $11.41 |
| Out of Town Meals | | $27.05 |
| Out of Town Travel | Amtrak, taxicabs | $404.00 |
| Phone Charges | Long distance charges | $92.02 |
| Taxicabs | | $52.72 |
| **TOTAL** | | **$626.12** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

```
-------------------------------------------------------x
In re:                                   :   Case No. 08-13422 (MFW)
                                         :
DHP HOLDINGS II CORPORATION, et al.,     :   Chapter 11
                                         :
                           Debtors.      :   Jointly Administered
                                         :
                                         :   Objection Deadline: 8/2/2010 at 4:00 pm
                                         :   Hearing Date: If objections filed
                                         :
                                         :
-------------------------------------------------------x
```

## FIFTH QUARTERLY AND FINAL APPLICATION
## OF ARENT FOX LLP, AS CO-COUNSEL TO OFFICIAL
## COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION
## FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR
## THE PERIOD FROM JANUARY 9, 2009 THROUGH AND INCLUDING JUNE 30, 2010

The law firm of Arent Fox LLP ("Arent Fox") hereby makes this final application (the "Final Application") for approval of all of its interim fee applications filed in connection with the chapter 11 cases of DHP Holdings II Corporation, *et al.*[1] (collectively, "the Debtors") for professional legal services rendered on behalf of the Official Committee of Unsecured Creditors (the "Committee") during the period from January 9, 2009, through and including June 30, 2010 (the "Final Application Period"), pursuant to (i) Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), (ii) Bankruptcy Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (iii) Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), (iv) the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are DHP Holdings II Corporation (5945); DESA, LLC (5717); DESA Heating, LLC (8137); DESA Specialty, LLC (8143); DESA FMI, LLC (8146); and DESA IP, LLC (8149). The address for each of the Debtors is 2701 Industrial Drive, Bowling Green, KY 42101.

U.S.C. Section 330, effective January 30, 1996, and (v) this Court's administrative order establishing procedures for interim compensation and reimbursement of expenses of professionals, dated January 16, 2009 (the "Administrative Order") (Docket No. 89).

By this application, Arent Fox seeks an order allowing compensation in the amount of $72,212.50 for actual, reasonable and necessary professional services rendered to or on behalf of the Committee in the above-captioned cases during the period from January 1, 2010 through June 30, 2010, (the "Fifth Quarterly Period"), and allowing reimbursement for actual and necessary expenses incurred during the Fifth Quarterly Period in the amount of $626.12.

In addition, by this application, Arent Fox seeks an order (i) allowing final compensation in the amount of $595,305.00 for actual, reasonable and necessary professional services rendered to or on behalf of the Committee in the above-captioned cases from the retention date through the date hereof, and allowing final reimbursement for actual and necessary expenses incurred from the retention date through the date hereof in the amount of $11,696.03, and (ii) authorizing and directing the Debtors to pay Arent Fox an amount equal to the sum of such allowed compensation and expense reimbursement, less any amounts previously paid by the Debtors. In support of this Final Application, Arent Fox states as follows:

## PRELIMINARY STATEMENT

1. Throughout these proceedings, the Committee protected the interests of the unsecured creditors and worked to preserve estate assets and maximize value. The Committee played a vital and central role in these cases.

2. Arent Fox played a central role in several key phases of these cases: (A) reviewing and objecting to and negotiating the proposed Debtors-in-possession financing; (B) trying to bring additional purchasers to the auctions and sales of the Debtors' assets in an attempt

to increase asset value; (C) assisting the Committee in meeting its duties to fully investigate the claimed security interests of the secured lender and ancillary issues thereto.

3.       Arent Fox regularly advised the Committee on the legal matters and issues arising throughout this bankruptcy proceeding. Specifically, at the outset of this case, Arent Fox, after consultation with and instructions from the Committee, carefully analyzed the Debtors' proposed DIP financing and after discovering several issues with the requested cash collateral and financing, Arent Fox prepared and filed with the Court an objection on behalf of the Committee to the relief requested by the Debtors in their DIP Financing Motion. As a result of the Committee's objection, Arent Fox was able to negotiate a few concessions by the Debtors and the secured lender.

4.       Additionally, Arent Fox, with the directions from the Committee, carefully monitored the proposed process of the sale of the Debtors' assets and worked closely with the Debtors in an attempt to generate greater interests from potential purchasers and to increase the value to the estate. Unfortunately, the sale of substantially all of the Debtors' assets did not yield the hoped-for return to the estate and essentially left the Debtors administratively insolvent.

5.       After several months of inaction by the Debtors, Arent Fox on behalf of the Committee filed a Motion to Convert the Debtors' Chapter 11 case to one under Chapter 7 (the "Conversion Motion"). By filing the Conversion Motion, the Committee was able to not only bring the Debtors' attention back to handling this case, but also to negotiate with the secured lender to provide additional funding for payment of the outstanding fees and expenses incurred by the bankruptcy professionals.

6.       In connection with the Conversion Motion, Arent Fox took the deposition of Craig Dean, the Debtors' reorganization officer, and obtained additional information through

discovery about the Debtors' financial situation and their ability to properly fund a wind-down of this bankruptcy proceeding. Although the Debtors initially disagreed with the relief requested by the Committee's Conversion Motion, it recently realized that it was indeed for the best interest of the estate to convert this Chapter 11 to one under Chapter 7 and voluntarily requested such conversion from the Court.

7.      In summary, under the circumstances of this case, the Committee considered every possible avenue to find a way to unlock value for the unsecured creditors, and Arent Fox provided legal representation and advice to the Committee in its attempt to do so and in meeting its fiduciary and statutory obligations.

## Jurisdiction

8.      This Court has jurisdiction to consider this matter pursuant to Section 157 and 1334 of Title 28 of the United States Code. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

9.      On December 29, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

10.     On February 19, 2009, the Court approved the retention of Arent Fox as counsel to the Committee *nunc pro tunc* to January 9, 2009. *See* Docket No. 196.

## Relief Requested

11.     Arent Fox seeks quarterly approval of its compensation for fees in the amount of $72,212.50 and expense reimbursement of $626.12 for the Fifth Quarterly Period.

12.     This is also the Final Application filed by Arent Fox in these cases. Arent Fox seeks allowance of final compensation for actual, reasonable and necessary professional services rendered by Arent Fox as co-counsel to the Committee during the Final Application Period in the amount of $595,305.00, and final reimbursement of actual, reasonable and necessary expenses incurred during the Final Application Period in the amount of $11,696.03.

13.     Arent Fox diligently assisted the Committee in the Committee's efforts to fulfill its statutory and fiduciary duties by trying to maximize value for the Debtor's entire estate and by representing the interests of the unsecured creditor constituency in this bankruptcy proceeding.

14.     All services for which compensation is requested by Arent Fox were performed on behalf of the Committee, and not on behalf of any other person or entity. Arent Fox maintains written records of the time expended in providing the professional services required by the Committee. These records are maintained in the ordinary course of Arent Fox's practice.

15.     In accordance with the Compensation Order, Arent Fox submitted regular monthly fee applications (collectively, the "Monthly Fee Applications") as follows:

(a)     January 9, 2009 through January 31, 2009, in the amount of $150,623.50 in fees and $1,141.32 in expenses (Docket No. 202);

(b)     February 1, 2009 through February 28, 2009, in the amount of $56,367.50 in fees and $1,642.28 in expenses (Docket No. 267);

(c)     March 1, 2009 through March 31, 2009, in the amount of $56,324.50 in fees and $2,756.07 in expenses (Docket No. 388);

(d)     April 1, 2009 through April 30, 2009, in the amount of $65,513.00 in fees and $1,572.61 in expenses (Docket No. 480);

(e)     May 1, 2009 through May 31, 2009, in the amount of $44,635.50 in fees and $373.65 in expenses (Docket No. 526);

(f) June 1, 2009 through June 30, 2009, in the amount of $18,394.50 in fees and $0.00 in expenses (Docket No. 538); and

(g) July 1, 2009 through July 31, 2009, in the amount of $26,647.50 in fees and -$421.46 in expenses (Docket No. 602); and

(h) August 1, 2009 through August 31, 2009, in the amount of $5,513.00 in fees and $1,239.71 in expenses (Docket No. 698); and

(i) September 1, 2009 through September 30, 2009, in the amount of $20,423.00 in fees and $254.70 in expenses (Docket No. 734); and

(j) October 1, 2009 through October 31, 2009, in the amount of $23,943.00 in fees and $555.33 in expenses (Docket No. 752); and

(k) November 1, 2009 through November 30, 2009, in the amount of $27,289.00 in fees and $2,020.16 in expenses (Docket No. 870); and

(l) December 1, 2009 through December 31, 2009, in the amount of $31,374.50 in fees and $0.94 in expenses (Docket No. 872); and

(m) January 1, 2010 through January 31, 2010, in the amount of $26,223.00 in fees and $272.91 in expenses (Docket No. 875).

16. In addition, pursuant to the Compensation Order, Arent Fox filed the following quarterly fee applications:

(a) First Quarterly Fee Application for the period January 9, 2009 through March 31, 2009, in the amount of $259,359.50 in fees and $5,539.67 in expenses (Docket No. 428). An omnibus order approving the First Quarterly Fee Application was entered on September 23, 2009 (Docket No. 651).

(b) Second Quarterly Fee Application for the period April 1, 2009 through June 30, 2009, in the amount of $128,543.00 in fees and $1,946.26 in expenses (Docket No. 619). An omnibus order approving the Second Quarterly Fee Application was entered on September 23, 2009 (Docket No. 651).

(c) Third Quarterly Fee Application for the period July 1, 2009 through September 30, 2009, in the amount of $128,543.00 in fees and $1,946.26 in expenses (Docket No. 619). An omnibus order approving the Second Quarterly Fee Application was entered on September 23, 2009 (Docket No. 651).

(d) Fourth Quarterly Fee Application for the period October 1, 2009 through December 31, 2009, in the amount of $82,606.50 in fees and $2,576.43 in expenses (Docket No. 914). No order has yet been submitted.

17. All services for which compensation is requested by Arent Fox were performed on behalf of the Committee. During the Fifth Quarterly Period, Arent Fox rendered legal services to the Committee in the total amount of $72,212.50 stated at the hourly rates in effect for each of the firm's professionals at the time such services were rendered, and incurred reimbursable expenses and out-of-pocket disbursements in the total amount of $626.12.

18. By this Final Application, Arent Fox seeks final approval of all of its interim fee applications, monthly, quarterly, along with its Fifth Quarterly Fee Application, in the total amount of $595,305.00 in fees and $11,696.03 in expenses during the Final Application Period.

## SUMMARY OF SERVICES RENDERED

19. Arent Fox has advised the Committee on a regular basis with respect to legal matters in connection with the chapter 11 cases of the Debtors. Further, Arent Fox has prepared or assisted in the preparation of various actions, motions, applications, orders and other pleadings submitted to the court for consideration and has performed all necessary professional services.

20. The chart entitled **Compensation By Professional Person** (above) is a summary statement of fees incurred by each professional who rendered services during the Fifth Quarterly Period.

21. Attached to each of the Monthly Fee Applications as Exhibit A, and incorporated herein by reference, is the detailed daily description of services rendered by each attorney and legal assistant at Arent Fox with respect to whom interim compensation is sought for the period covered by each Monthly Fee Application, compiled from time records maintained by Arent Fox in the ordinary course of its business, divided into sections corresponding to "project categories."

22.     The chart entitled **Compensation by Project Category** (above) is a summary statement of fees incurred by project category during the Fifth Quarterly Period. Each Monthly Fee Application includes a detailed summary of services rendered by project, including a summary of the fees and total hours.

23.     The chart entitled **Expense Summary** (also above) is a summary statement of expenses incurred during the Fifth Quarterly Period.

24.     Attached to each of the Monthly Fee Applications as Exhibit B is a summary of the expenses incurred during each billing period.

**Amount Requested**

25.     For the Fifth Quarterly Period, Arent Fox seeks final approval of $72,212.50 in fees and $626.12 in expense reimbursement.

26.     For the Final Application Period, Arent Fox seeks final approval of $595,305.00 in fees and $11,696.03 in expense reimbursement.

**Applicable Authority**

27.     Subject to this Court's approval, the Debtors are required to pay Arent Fox for services at its usual hourly rates in effect at the time such services are rendered. The Debtors are required, subject to this Court's approval, to reimburse Arent Fox in full for its cash disbursements and for such expenses as the firm customarily bills to its clients.

28.     With respect to the level of compensation, section 330(a)(1) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person "reasonable compensation for actual, necessary services rendered." 11 U.S.C. § 330(a)(1).

Section 330(a)(1)(3)provides: "In determining the amount of reasonable compensation to be awarded, to an examiner, trustee under chapter 11, or professional person, the court shall

consider the nature, the extent, and the value of such services, taking into account all relevant factors, . . . ."

29.     The congressional policy expressed in this statute is to provide for adequate compensation in order to continue to attract qualified and competent professionals to bankruptcy cases. *See In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833, 850 (3d Cir. 1994) ("Congress rather clearly intended to 'provide sufficient economic incentive [to lure competent bankruptcy specialists] to practice in the bankruptcy courts.'") (quoting *In re McCombs*, 751 F.2d 286, 288 (8th Cir. 1984)).

30.     The professional services rendered by Arent Fox required a high degree of professional competence and expertise.  It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained have greatly benefited the general unsecured creditors of the Debtors.

31.     As shown by this Final Application and supporting exhibits, Arent Fox spent its time economically and without unnecessary duplication of time.  In addition, the work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.

## Certifications and Notice

32.     The undersigned certifies that no other payments have been promised to the firm and no payments have been received by the firm for services rendered in these cases, except for the payment of fees and reimbursement of expenses.

33.     The Debtors' estates are the source of compensation promised to Arent Fox. There is no agreement or understanding between Arent Fox and any persons other than the

partners of Arent Fox for the sharing of compensation to be received for services rendered in these cases.

34.     Arent Fox certifies that it has reviewed the requirements of Local Rule 2016-2 and that this Final Application complies with Local Rule 2016-2.

35.     Copies of this Final Application have been served upon the Debtors, the United States Trustee, counsel to the Debtors, and all parties who filed Requests for Notice with the Clerk of the Court.

**WHEREFORE**, Arent Fox respectfully requests that this Court enter a final order: (a) allowing Arent Fox compensation in the amount of $72,212.50, for actual reasonable and necessary professional services rendered to or on behalf of the Committee during the Fifth Quarterly Period and reimbursement of $626.12 for actual, reasonable and necessary expenses incurred during the Fifth Quarterly Period, (b) allowing Arent Fox final compensation in the amount of $595,305.00, for actual reasonable and necessary professional services rendered to or on behalf of the Committee during the Final Application Period and final reimbursement of $11,696.03 for actual, reasonable and necessary expenses incurred during the Final Application Period, (c) authorizing and directing the Debtors to pay Arent Fox an amount equal to the allowed compensation and expense reimbursement, less any amounts previously paid by the Debtors, and (d) granting such other and further relief as the Court deems just and proper.

Dated: July 13, 2010
New York, NY

ARENT FOX LLP


_____/s/ Robert M. Hirsh_____
Robert M. Hirsh, Esq. (admitted *pro hac vice*)
Heike M. Vogel, Esq. (admitted *pro hac vice*)
1675 Broadway
New York, NY 10019
(212) 484-3900
(212) 484-3990 (Fax)

*Counsel for the Official Committee of Unsecured
Creditors*

- and -


ELLIOTT GREENLEAF
Rafael X. Zahralddin-Aravena (No. 4166)
Shelley A. Kinsella (No. 4023)
1105 North Market Street, Suite 1700
Wilmington, DE 19801
Tel: (302) 384-9400
Fax: (302) 384-9399
Email: rxza@elliottgreenleaf.com
Email: sak@elliottgreenleaf.com

*Delaware Counsel for the Official Committee of
Unsecured Creditors*

## CERTIFICATION

I, Robert M. Hirsh, hereby certify under the penalty of perjury under the laws of the State of Delaware that the following is true to the best of my knowledge, information and belief:

1.  I am a member of the firm of Arent Fox LLP ("Arent Fox"), with offices located at 1675 Broadway, New York, New York 10019, as well as in Washington, DC and Los Angeles, CA, and have been duly admitted to practice before, among others, the United States District Court for the Southern, Eastern, Western and Northern Districts of New York and have been admitted to the United States District Court for the District of Delaware *pro hac vice*.

2.  This certification is submitted in support of the attached application (the "Application") and all capitalized terms not otherwise defined herein are defined in accordance with their usage in the Application.

3.  I am familiar with the legal services rendered by Arent Fox as counsel to the Committee during the Compensation Period and I am familiar with the compensation and reimbursement sought by the Application.

4.  I have reviewed the Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. I have also reviewed Del. Bankr. LR 2016-2 and the Administrative Order and submit that the Application substantially complies with such Rule and Order.

Dated: July 13, 2010
      New York, NY

                                             */s/ Robert M. Hirsh*
                                             Robert M. Hirsh